UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHAZIZZ MATEEN #61014 | § § § | |
| v. | § § | A-20-CV-830-LY-SH |
| UNKNOWN AMBULANCE COMPANY, et al. | § § § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules.

Before the Court is Plaintiff Shazizz Mateen's pro se civil rights complaint. Plaintiff has been granted leave to proceed in forma pauperis.

## I. Statement of the Case

Plaintiff is currently confined in the Bastrop County Jail awaiting trial in Fayette County, Texas. Plaintiff has been indicted on the following charges:

- failing to register as a sex offender (No. 2018R-138);
- aggravated assault against a public servant, for allegedly shooting Fayette County Deputy Sheriff C.J. Lehmann with a firearm when the deputy was attempting to arrest Plaintiff for an outstanding warrant for his failure to register as a sex offender (No. 2018R-212);
- aggravated assault against a public servant, for allegedly cutting LaGrange Police Officer Justin Koehne with a knife when the officer was attempting to arrest Plaintiff for the outstanding warrant (No. 2018R-213); and
- four counts of aggravated assault against a public servant, for allegedly pointing a firearm or shooting at other officers when they were attempting to arrest him on the outstanding warrant (No. 2018R-214).

1

Plaintiff sues an unknown ambulance company and its personnel; an unknown hospital and its doctors; the Fayette County Sheriff's Department; Deputy Lehmann; the LaGrange Police Department; LaGrange Police Officers Koehne, Kenneth Schmidt, David Gilbreath, William Travis Anderson, and David Mohr; unknown SWAT officers; an unknown officer from an unknown agency at the hospital; the Medical Department at the Bastrop County Jail; Doctor Lin at the Bastrop County Jail; the Mental Health Department at the Bastrop County Jail and its employee with the first name of Janice; and the makers of the drugs Doxipin and Risperdol.

After an apparent shoot-out, Plaintiff was transported to a hospital by ambulance. Plaintiff alleges that an employee of the ambulance company:

> inject[ed] a costic genetic altering substance into the bone morrow of the right Humerous bone of the Plaintiff, which caused excrusiating pain in [his] arm and shoulder for more than a year now and is on going, and has left horrible chemical burns on the lower arm of the Plaintiff when excess green costic substance oozed out of Plaintiff's lower arm. [sic]

The other two ambulance employees allegedly held Plaintiff while this act occurred. Plaintiff further alleges that "[t]he powerful excrusiatingly painful costic substance ejected the Plaintiff's consciousness from his body as he observed his body from above it, preparing the Plaintiff for lobotomization at the hospital to surgically remove Plaintiff's seat of consciousness within his brain against his will." [sic]

Plaintiff alleges that the doctors at the hospital:

> performed lobotomization brain surgery to end the life of the Plaintiff's consciousness, and then implanted an Artifical [sic] Intelligence Chip into the Plaintiff's brain. Leaving the Plaintiff, as he has come to describe this condition from many years of research and publications on this subject of programmable human beings, an Android slave, ready for consciousness reprogramming, if not for the government training and development that the Plaintiff has utilized, using now an evolved secondary consciousness source near the heart.

Plaintiff accuses one doctor of "surgically and miscellaniously remov[ing] large sections of skin and muscle tissue, and then surgically graft[ing] unknown and extremely alien milk white gellantinous substance in place of the removed human tissue." [sic] Plaintiff asserts that his bandages and sutures were removed at the jail. He claims that:

> the foreign extremely alien milk white gellantinous substance was also removed from the arm of the Plaintiff, studied, and then replaced by Bastrop County Medical Staff. Days later, the foreign unknown and extremely alien milk white gellantinous substance shapeshifted forming muscle, blood vessles skin and even old scars, giving the Plaintiff further Mental Anguish over his transformations. [sic]

Plaintiff accuses a different doctor of performing "intestinal rearrangement surgery, for reasons related to Plaintiff's new Android Reality." Plaintiff alleges that another doctor injured the nervous system in his left arm. Plaintiff asserts that he is without the use of his ring and smallest finger. According to Plaintiff, he was actively resisting reprogramming of the "Artifical [sic] Intelligence Chip" implanted in his brain when this injury occurred.

Plaintiff alleges that the various law enforcement officers delivered him for the medical procedures:

> after years of publicly pleading for help in public media that he was in danger of these exact medical procedures during his years of research and publication at his Internet "Whistle Blower" career from 2009 to 2015 at Shazizz Speaks.com, 2015 at Universal News and Reports.Com, and from 2015 to 2018 at the Tribe of Shabazz, Universal News and Reports @ Facebook.com. Whistle blowing against the nameless and faceless Cabal/Cartel Secret Society Groups organized based on Rh Negative factor blood type individuals that these exact medical procedures would be done to him if he kept trying to expose Rh Negative factor Blood Type Groups dominance in the world over Aboriginal Rh positive factor Blood Type individuals.

Plaintiff states that he "struggled for his life against these Defendants to prevent his threatened lobotomization and his transformation against his will which has taken place anyway."

Plaintiff alleges that someone at the hospital asked him his ethnicity. Plaintiff responded that he was a "White Sovereign Moor." Plaintiff asserts that the person became hostile and told him that "Moor" was a forbidden word and that Plaintiff would be removed from hospital care immediately and taken to the jail. Plaintiff contends that he was "torn away from the Android Cyber Network who were other Androids of all races who had come to meet him, intrigued that he could resist regprogramming."

Plaintiff asserts that he was treated at the jail by medical personnel with only over-the-counter pain medication for his seven gun shot wounds. He contends that this medical treatment was provided in bad faith and designed to "diminish the Biochemical Functionality of the Artifical [sic] Intelligence Chip in the brain of the Plaintiff to sever his connection with the Android Cyber Network."

Plaintiff states that, while at the Bastrop County Jail, he sought psychological help to deal with the psychological changes from the "genetic alterations from the serum injected into the bone marrow of his right Humerous bone as well as dealing with the continuous attempts from sources unknown to reprogram the Artifical [sic] Intelligence Chip implanted in his brain." A mental health care worker allegedly prescribed Doxipin and Risperdol, which Plaintiff claims caused blindness in his left eye. Plaintiff alleges that this person worked together with the other medical providers at the jail to further "diminish the Biochemical Functionality of the Artifical [sic] Intelligence Chip implanted in Plaintiff's brain."

Plaintiff seeks $100 million in compensatory and punitive damages for his injuries and "declarative damages for his Pro-Human Internet Personality Career, Violation of his Rights, and the loss of his Humanity."

## II. Discussion and Analysis

Under 28 U.S.C. § 1915(e), a district court may, in its discretion, dismiss an in forma pauperis complaint with prejudice as frivolous "if it lacks an arguable basis in law or fact." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). "A complaint lacks an arguable basis in law"—that is, it is legally frivolous—"if it is 'based on an indisputably meritless legal theory,' such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A factually frivolous complaint is made up of "allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Plaintiff's claims are incoherent, irrational, and lack any factual support or legal basis against the defendants he sues. Moreover, many of the defendants he sues are not state actors or entities capable of being sued.

## III. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include in its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in:

(a) the imposition of court costs, pursuant to Section 1915(f);

(b) the imposition of significant monetary sanctions, pursuant to Fed. R. Civ. P. 11;

(c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or

(d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if, while he is a prisoner, he files more than three actions or appeals that are dismissed as frivolous or malicious or for failure to state a

claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event that this Report and Recommendation is accepted, adopted, or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## IV. Objections

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

**SIGNED** on August 24, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE